## IN THE COURT OF APPEALS OF IOWA

No. 15-1914
Filed March 23, 2016

**IN THE INTEREST OF E.H. AND P.H.,**
**Minor Children,**

**C.E., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Jefferson County, William S. Owens, Associate Juvenile Judge.

A mother appeals the juvenile court's termination of her parental rights to her children. **AFFIRMED.**

Mary Baird Krafka of Krafka Law Office, Ottumwa, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd and Janet L. Hoffman, Assistant Attorneys General, for appellee State.

Sarah L. Wenke of Wenke Law Office, Ottumwa, for minor child.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**POTTERFIELD, Judge.**

A mother appeals the juvenile court's termination of her parental rights to her children, E.H. and P.H.[1]  She argues termination was inappropriate both because it was not in the best interests of her children and because her children were placed with relatives.  We find termination was in the children's best interests and was appropriate in spite of the fact the children were placed in the legal custody of relatives.  We therefore affirm.

## I.  Background Facts and Proceedings

E.H. is a four-year-old girl.  P.H. is a one-year-old boy.  By the time P.H. was born in 2014, E.H. had already been adjudicated a child in need of assistance on two separate occasions.  The first such adjudication occurred in November 2012 and stemmed from allegations the father and mother had gotten into an argument, with E.H. present, which involved the father hitting the mother and then breaking out a window with the butt of a .22 caliber rifle.  The second adjudication occurred in February 2014 and stemmed from allegations the mother would leave E.H.—then a one-year-old child—alone inside the family's apartment for extended periods of time, without any means of monitoring her, while the mother visited with friends outside the building.  The family's apartment was also alleged to be a health hazard due to trash and old food strewn about the floor.

When E.H. was adjudicated a child in need of assistance for the second time in February 2014, the juvenile court placed her in the legal custody of the

---

[1] The children's father consented to the juvenile court's termination of his parental rights, and he is not part of this appeal.

paternal grandparents. When P.H. was born later the same year, the mother was not allowed to take him home from the hospital. Instead, P.H. was placed in the legal custody of the maternal grandparents. Soon afterward, in October 2014, he too was adjudicated to be a child in need of assistance. Neither child was ever returned to the mother's care after being removed.

The mother's parenting deficiencies were addressed in a 2014 psychological evaluation completed as a result of a DHS referral. The evaluating psychologist's report explained that an intellectual assessment placed the mother in the "mildly intellectually disabled/borderline range" of intellectual functioning, and comprehension assessments placed her at an eighth-grade level. The report found "a number of serious concerns in regard to [the mother's] ability to parent" and concluded that the problems were "likely due to a combination of not prioritizing her children's needs and her lower intellectual ability." The mother has received SSI benefits for a learning disability since she was eighteen years old and utilizes the services of a payee because she has difficulty managing money herself.

Despite the mother's participation in a number of services provided to her by DHS, she was not able to remedy her deficiencies. She continued to lack the ability to simultaneously maintain a clean and safe home, properly supervise her children, and also care for herself. As a result, the State moved to terminate her parental rights, and a contested termination hearing was held on September 9, 2015. The mother did not testify. On October 30, 2015, the juvenile court terminated the mother's parental rights to both E.H. and P.H. pursuant to Iowa Code section 232.116(1)(h) (2015).

The mother now appeals.

## II. Standard of Review

We conduct a de novo review of proceedings terminating parental rights. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of conclusions drawn from it. *Id.* We give weight to the factual determinations of the juvenile court, particularly regarding the credibility of witnesses, although we are not bound by them. *Id.* The primary consideration of our review is the best interests of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

## III. Discussion

Termination of parental rights under Iowa Code chapter 232 follows a three-step analysis. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). First, the court must determine if a ground for termination under section 232.116(1) has been established. *Id.* Second, if a ground for termination is established, the court must apply the framework set out in section 232.116(2) to decide if proceeding with termination is in the best interests of the child. *Id.* Third, if the statutory best-interests framework supports termination of parental rights, the court must consider if any statutory factors set forth in section 232.116(3) should serve to preclude termination. *Id.*

The mother does not argue the State failed to prove grounds for termination of her parental rights, so we need not address the first step of

analysis. She instead challenges the juvenile court's ruling as it relates to the second and third steps. As to the second, she argues termination was not in the best interests of her children. As to the third, she argues that because each of her two children had been placed with grandparents, a statutory factor existed and termination was unnecessary. *See* Iowa Code § 232.116(3)(a) ("The court need not terminate the relationship between the parent and child if the court finds . . . [a] relative has legal custody of the child.").

On our de novo review, we agree with the juvenile court's conclusion that termination was in the best interests of E.H. and P.H. The mother has never demonstrated the ability to provide safe and reliable care for her children. As a result, the children's safety, long-term nurturing and growth, and physical, mental, and emotional needs will be best served by termination of the mother's parental rights, so that E.H. and P.H. can achieve permanency through adoption. We do recognize the preference for keeping siblings together whenever possible. *See In re L.B.T.*, 318 N.W.2d 200, 202 (Iowa 1982). But E.H. and P.H. have never lived together. Moreover, the paternal and maternal grandparents in this case live within twelve miles of each other, and the children have seen each other regularly. Thus, we remain confident termination satisfies the best interests requirement even taking into account the fact the children are placed with separate relatives.

We also agree with the juvenile court's conclusion that termination of the mother's parental rights was appropriate in this case in spite of the statutory factor weighing against termination. The language of 232.116(3) is permissive, so a juvenile court may choose to forego termination if any of the listed

circumstances are satisfied but is not obligated to do so. *See In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011). Here, although it is true both E.H. and P.H. were placed in the legal custody of their grandparents, we find termination was still in the children's best interests and was therefore appropriate.

**AFFIRMED.**